IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOFTIN GROUP, L.L.C.** | * | **CIVIL ACTION NO. _____** |
|          **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **SECTION _____** |
| | * | |
| **GENERAL SECURITY INDEMNITY** | * | |
| **COMPANY OF ARIZONA;** | * | **MAGISTRATE JUDGE _____** |
| **INDIAN HARBOR INSURANCE** | | |
| **COMPANY; STEADFAST INSURANCE** | | |
| **COMPANY; QBE SPECIALTY** | | |
| **INSURANCE COMPANY; HDI** | | |
| **GLOBAL SPECIALTY SE; UNITED** | | |
| **SPECIALTY INSURANCE COMPANY;** | | |
| **LEXINGTON INSURANCE** | | |
| **COMPANY; OLD REPUBLIC UNION** | | |
| **INSURANCE COMPANY; GEOVERA** | | |
| **SPECIALTY INSURANCE COMPANY;** | | |
| **TRANSVERSE SPECIALTY** | | |
| **INSURANCE COMPANY;** | | |
| **CERTAIN UNDERWRITERS AT** | | |
| **LLOYDS OF LONDON –** | | |
| **SUBSCRIBING TO CERTIFICATE** | | |
| **AMR-74207** | | |
|          **Defendants.** | | |

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **LOFTIN GROUP, L.L.C.** who, through undersigned counsel, respectfully represents:

**I.   PARTIES**

1. Made Plaintiff herein is **LOFTIN GROUP, L.L.C.**, (hereinafter sometimes referred to as "Insured"), a domestic Louisiana Partnership domiciled at 935 Gravier St, Ste 1006, New Orleans, LA 70122 in the State of Louisiana.

2. Made Defendants herein are:

   a. **GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA**, subscribing to policy 10T029659-1561-21-00, with a principal place of business at 28 Liberty Street, Suite 5400, New York, NY 10005

   b. **INDIAN HARBOR INSURANCE COMPANY**, subscribing to policy AMP7540199-00, with a principal place of business at 505 Eagleview Blvd, Suite 100, Eaton, PA 19341-1120;

   c. **STEADFAST INSURANCE COMPANY**, subscribing to policy CPP1140900-00, with a principal place of business at 1299 Zurich Way, Schaumberg, IL 60196;

   d. **QBE SPECIALTY INSURANCE COMPANY**, subscribing to policy MSP-32339, with a principal place of business at 88 Pine Street, 16th Floor, Wall Street Plaza, New York NY, 10005.

   e. **HDI GLOBAL SPECIALTY SE**, subscribing to policy HAN-26388-00, whose agent is Mendes and Mount, LLP, 750 Seventh Avenue New York, NY 10019

   f. **UNITED SPECIALTY INSURANCE COMPANY**, subscribing to policy USI-28867-00, with a principal place of business at 1900 L. Don Dodson Drive Bedford, TX 76021

   g. **LEXINGTON INSURANCE COMPANY**, subscribing to policy LEX-064850696-00, with a principal place of business at 99 High Street, Boston, MA 02110

    h. **OLD REPUBLIC UNION INSURANCE COMPANY**, subscribing to policy ORAMPR011090-00, with a principal place of business at 370 North Michigan Avenue, Chicago, IL 60601, whose general counsel agent is located at 370 North Michigan Avenue Chicago, IL 60601

    i. **GEOVERA SPECIALTY INSURANCE COMPANY**, subscribing to policy GVS-12746-00, with a principal place of business at 1455 Oliver Road, Fairfield, CA 94534;

    j. **TRANSVERSE SPECIALTY INSURANCE COMPANY**, subscribing to policy TSAMPR0002218-00, with a principal place of business at 155 Village Boulevard, Suite 205, Princeton, NJ 08540;

    k. **CERTAIN UNDERWRITERS AT LLOYDS OF LONDON – SUBSCRIBING TO CERTIFICATE AMR-74207,** which upon information and belief is organized under the laws of the United Kingdom with its principal place of business at One Lime Street, London EC3M 7HA with an agent care of Thompson Heath and Bond Limited located at 107 Leaderhall Street London ECA 4AF.  As such, this Syndicate is considered a citizen of Great Britain, a foreign country and may be served with process to  Lloyd's America,  Inc., Attention: Legal Department,  280 Park Avenue,  East Tower,  25 Floor,  New York,  New York 10017

(Hereinafter collectively referred to as "Defendants")

3.    Defendants issued and sold the above respective insurance policies and provided commercial property insurance coverage to the Insured, thereby transacted business in New

Orleans Louisiana. Defendants are surplus lines insurance providers authorized to issue insurance policies in the state of Louisiana by the Louisiana Insurance Commissioner.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this court is invoked over the instant actions pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy in this case and the pendant declaratory action exceed Seventy-FiveThousand Dollars ($75,000), exclusive of interest and any and all costs.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

6. This Court has personal jurisdiction over Defendants because Defendants have continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendants' business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

7. This Court has subject matter jurisdiction over the instant actions because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

8. The amount in controversy is greater than Seventy Five Thousand Dollars.

## III. FACTUAL BACKGROUND

9. At all relevant times, the Plaintiff, Loftin Group had an insurable interest in the following locations, consisting of multiple apartment complexes and residential rental units that were insured under account 832457 by Defendants from May 10, 2021 to May 10, 2022:

| | |
|---|---|
| 7700 Downman Road New Orleans, LA 70126 | 1526-28 Mazant St New Orleans, LA 70117 |
| 1621-23 Dufossat St New Orleans, LA 70115 | 525 Richard Ave, River Ridge, LA 70123 |

1129-31 Independence St, New Orleans, LA 70117  
2621-23 Dante St, New Orleans, LA 70118  
2114-16 Willow St, New Orleans, LA 70113  
2716-18 Jackson Ave, New Orleans, LA 70131  
6235 Chef Menteur Hwy, New Orleans, LA 70126  
1400-1423 Independence St, New Orleans, LA 70117  
200-02 S. Jefferson Davis Pkwy, New Orleans, LA 70119  
3714 Marias St, New Orleans, LA 70117  
2120 Willow St, New Orleans, LA 70113  
3300 Preston Place. New Orleans 70131  

    (Collectively referred to as the "Properties").

10. Loftin Group contracted with Defendants to insure the Properties for damages and loss of business income against perils including hurricanes.

11. Defendants subscribed and issued their respective Policies to the Insured as designated in Paragraph 2 A through I respectively (hereinafter collectively referred to as the "Policy"), *see Declaration Page- Exhibit 1*, in force and full effect during the period of 05/10/2021 to 05/10/2022. Defendants assessed the risk and provided Replacement Cost coverage following their underwriting evaluation of the Insured's Properties.

12. Insured paid all respective premiums associated with the Policies when due in a timely manner and without delay.

13. In return for Insured's timely payment of the premium, Insured reasonably expected that the Defendants would comply with the terms of the policy and pay for any and all covered losses that may occur in accordance with the terms of the Policies and Law.

14. On August 29, 2021, at around 11:55 am, Hurricane Ida, a Category 4 Hurricane with maximum sustained winds of 150 miles per hour and a minimum pressure of 930 mb made landfall at Port Fourchon on the Gulf Coast in Lafourche Parish and tracked 58 miles through the city of New Orleans, causing widespread catastrophic damage throughout Southeast Louisiana.

15. Hurricane Ida was tied with Hurricane Laura and the 1856 Last Island Hurricane as the strongest landfalling Hurricanes in Louisiana on record.

16. Hurricane Ida retained its Category 4 windspeeds for four hours after landfall and retained Category 3 windspeeds for an additional 4 hours after.

17. While the Policy was in full force and effect, the Insured's Properties sustained extensive damages resulting from Hurricane Ida consisting generally of extensive damages to multiple buildings of their roofing systems, façades, and interior damages as a consequence.

18. Insured provided timely and proper notice of the claim to the Defendants. Defendants issued claim number 4186796 to the Hurricane Ida Claim and eventually assigned the claim to Sedgwick Adjuster Esther Mumuo who would initially oversee the claim on behalf of Defendants.

19. Representatives of the Insured and the Defendants conducted multiple site visits and exchanged estimates to work though the valuation of the claim.

20. From the date of loss to date, Insured complied with the applicable provisions of the Policy, including exhausting all reasonable efforts to mitigate the Loss and provide unfettered access to the loss site from the date of loss to date.

21. On or about April 20, 2022 Defendants authorized and issued a single Actual Cash Value payment to the Insured based on an agreed proof of loss.

22. On June 2, 2023 the Insured submitted its full and final detailed proof of loss for replacement cost value in accordance with the Policy.

23. To date, the Defendants have failed to make the timely payment of the sums due as illustrated in Insured June 2, 2023 Proof of Loss.

24. Insured submitted a total and final detailed Proof of Loss for its Business Income/ Loss of Rents, and Extra Expense claim on June 28, 2023.  To date no payment has been made to the Insured for any Business Income/ Loss of Rents, and Extra Expense claim for any of the Insured locations.

25. The Insured provided timely and sufficient notice to Defendants of their intent to make a claim for Replacement Costs under the terms of the policy, as repair construction is completed.

26. Due to the acts and omissions of Defendants and their agents that violate the terms of the Policy by failing to compensate the Insured according the facts and the terms of the Policy, the Insured has been forced to undertake all costs of repair with any significant compensation from the Defendants.

27. In compliance with its duties, Insured cooperated on multiple occasions with Defendants and their agents, including adjusters, engineers, and consultants, by making the properties fully and completely available for the viewing and inspection of the physical loss evidence by Defendants as requested on multiple occasions over multiple days each, and providing multiple detailed supporting Proofs of Loss for its buildings damages due to Hurricane Ida and this cooperation in no way waives Defendants' duties under their Policy or the law.

28. Insured has incurred, and may continue to incur, consequential damages and additional expenses in making repairs because Defendants failed to timely and adequately compensate it for its losses under the Policy.

29. Insured has incurred, and may continue to incur professional expenses, including, but not limited to, construction and financial expert fees/costs and attorney's fees, to obtain a true measure of the costs to repair the damages and to identify the value of the business income losses since Defendants failed to adequately and timely estimate and pay covered claims in violation of the Policy.

30. Due to Defendants' failures in the adjusting process and erroneous representations, Insured retained legal counsel to review all claim matters to determine whether Defendants complied with the terms of its Policy and law.

31. The Insured's proofs of loss submissions provided further satisfactory proof of loss, in so far as it contained all the Insured's investigation of the claim and sufficient information and detail providing the extent of the loss to allow the Defendants to properly determine and adjust the losses for all coverages provided by the Policy.

32. Defendants have failed to timely and reasonably adjust and pay the losses and respond to the formal proofs of loss submitted by Plaintiff in accordance with the Policy terms and the law.

## IV.  CAUSES OF ACTION

### A.  BREACH OF THE INSURANCE CONTRACT

33. Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

34. An insurance contract, exists in full force or the time periods in question between the Insured and Defendants.

35. Insured has fulfilled, or used all reasonable efforts to fulfill, all necessary obligations under the Policy in good faith.

36. According to the Policy, after application of the respective deductibles, Insured is entitled to recovery of all benefits, payments, and proceeds due under the policy resulting from the Hurricane Ida damage to the Insured Properties, including, but not limited to the actual cash value of the loss, the replacement cost value of the loss, the loss of business income, the loss of extra expenses.

37. Despite having sufficient proofs of loss, access to the property, open door access to Insured repair construction providers and adjusting consultants to review and discuss any questions with the proofs of loss, Defendants failed to timely adjust the claim and tender adequate payments under the Policy.

38. Upon information and belief, Defendants purposefully or negligently failed to include adequate overhead and profit in its estimate of damages.

39. By purposefully and/or negligently failing to timely adjust the loss and tender undisputed insurance proceeds, Defendants breached the terms of the Policy.

40. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendants breached the terms of the Policy.

41. By failing to adequately compensate Plaintiff for the damages to the Properties, as required by the Policy, Defendants breached the terms of the Policy.

42. Plaintiff has suffered and continues to suffer damages as a result of the breaches of the insurance contract by Defendants.

43. The failure of Defendants and their agents to reasonably and timely adjust and pay the building claims according to the Policy terms, industry standards, and law has breached the insurance contract, delayed repair of the respective buildings to date, caused consequential damages to the Insured, and continues to extend the period of restoration for business income losses under the terms of the policy.

44. The failure of Defendants to adjust and make timely payments on the business interruption, loss of rents, and extra expense claims has delayed needed repairs, breached the insurance contract and caused consequential financial losses to the Insured resulting in loss of potential tenants, and additional costs to Insured's interest.

45. Louisiana law provides claims handling timelines which are strictly construed. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159 (La. 10/25/11).

46. LA R.S. 22§1893 B. provides that if damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy.

47. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim. Defendants failed to make legally sufficient attempts to settle Insured damaged claims in a timely matter in accordance with Louisiana Law.

48. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

49. The Defendants and their agents knew, or should have known, that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119So. 3d 930.

## V.   DAMAGES

50. Defendants are liable to Insured under the following legal theories:

    a) Breach of Contract;

    b) Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

10

51. As a result of Defendants' breaches of contract and other acts and omissions, Insured has incurred the following, non-exclusive damages:

   a) Actual repair, mitigation, and renovation costs;

   b) Loss of business income and rents due to covered business interruption;

   c) Loss of Extra Expenses still due yet unpaid by Defendants;

   d) Diminution and accelerated depreciation of the value of Insured Properties;

   e) Expenses related to preservation, restoration, mitigation and/or storage of property;

   f) Loss of personal business property including, but not limited to, fixtures, furniture, appliances, electronics, décor, medical equipment and supplies, and service equipment and supplies;

   g) Consequential damages, including but not limited to loan interest required to fund repairs and costs due in accordance with the Policy yet unpaid by Defendants;

   h) Future damages to be sustained to mitigate losses due to failure of Defendants to comply with the terms of its Policies and the law;

   i) Attorney's fees, penalties, other expert and professional fees, and litigation costs associated with the bringing of this action; and

   j) Any and all other damages discovered and shown at the trial of this matter.

## VI.   JURY DEMAND

52. Plaintiff, Loftin Group, requests a trial by jury on all issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff herein, **LOFTIN GROUP, L.L.C.** (Insured) prays that this complaint be filed into the record and that Defendants, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA;  INDIAN HARBOR INSURANCE COMPANY; HDI GLOBAL SPECIALITY SE;  UNITED SPECIALITY INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY;  OLD REPUBLIC UNION INSURANCE COMPANY;  GEOVERA SPECIALTY INSURANCE COMPANY; TRANSVERSE SPECIALITY INSURANCE COMPANY;  CERTAIN UNDERWRITERS AT LLOYDS OF LONDON – SUBSCRIBING TO CERTIFICATE AMR-74207, be cited to appear and answer the complaint herein within the delays fixed by law and that after due proceedings are had, that there be a money judgment for all sums due Plaintiff, plus attorneys fees and costs, plus judicial interest until paid, and any and all equitable relief in favor of **LOFTIN GROUP, L.L.C.**

        Respectfully Submitted,

        /s/   Konrad Jackson
        J. Konrad Jackson (LA #26055)
        Konrad Jackson, Attorney at Law, P.L.L.C.
        825 Baronne Street
        New Orleans, LA 70113
        Phone:  504-908-5095
        Konrad@KJLaw.LA

        *ATTORNEY FOR PLAINTIFF*
        *LOFTIN GROUP, L.L.C.*

**PLEASE HOLD SERVICE AT THIS TIME.**